USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/04/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHANTELLE OKARTER,

                              Plaintiff,

   -against-

CITY OF MOUNT VERNON and DEBORAH
REYNOLDS as Comptroller of the City of Mount Vernon,

                              Defendants.
-------------------------------------------------------------x   Civil Action No.
                                                       7:19-cv-01098-NSR
CITY OF MOUNT VERNON,

                              Cross-Claimant,

   -against-

DEBORAH REYNOLDS as Comptroller of the City of
Mount Vernon,

                              Cross-Defendant.
-------------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

    This Settlement Agreement and Release (referred to as the "Agreement") is made and entered into by: Chantelle Okarter in her capacity as an individual and on behalf of her heirs, executors, administrators, attorneys, successors, and assigns (collectively referred to as "Okarter") and the City of Mount Vernon, its divisions and departments (including the Planning & Community Development Department), its present and former employees, its present and former appointed or elected officials (including Deborah Reynolds), its attorneys, insurers, successors, and assigns (collectively referred to as the "City").

## RECITALS

    WHEREAS, on or about February 5, 2019, plaintiff filed a Complaint and commenced the civil action captioned *Chantelle Okarter against City of Mount Vernon, and Deborah Reynolds, as Comptroller of the City of Mount Vernon*, Docket Number 19 Civ. 01098 (NSR), in the United States District Court for the Southern District of New York (referred to as the "Civil Action") alleging causes of action pursuant to the Fair Labor Standards Act ("FLSA"), and Common Law claims for breach of contract under New York State Law for all unpaid salary compensation; unpaid overtime compensation;

together with such other amounts for liquidated damages, attorneys' fees, and costs; and

WHEREAS, the City adamantly denies the allegations asserted by Okarter in the Civil Action, and affirmatively asserts that the City has at all times relevant hereto, acted in good faith and in full compliance with all federal, state and local constitutions, laws, ordinances, rules, regulations, and common law requirements, duties and obligations; and

WHEREAS, the City has agreed to settle and terminate the Civil Action without incurring the burden, risk, cost and expense of litigation; and

WHEREAS, the Parties have exchanged information relating to the claims in the Civil Action, such that they have adequate information to assess the appropriateness of this Agreement and the merits of the claims and the City's defenses; and

WHEREAS, the Parties, with counsel, negotiated in good faith and agreed on the key terms of settlement; and

WHEREAS, the Parties desire to resolve and settle the Civil Action in an amicable manner without the expense of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises contained in this Agreement and for other good and valuable consideration, the sufficiency and receipt of which Okarter and the City (collectively the "Parties") acknowledge, the Parties agree to the terms below as full and complete settlement of the Civil Action and the claims, pursuant to applicable provisions of federal and state law:

1. No Admission of Liability – The Parties acknowledge that they are entering into this Agreement pursuant to a settlement and compromise of disputed claims strictly to avoid the burden, risk, cost and expense of litigation, and to terminate all controversies or claims for damages or relief for the claims in the Civil Action under the FLSA and NYS breach of contract law.

2. Payment and Promises to "Okarter" – In consideration for Okarter's promises as set forth in Paragraphs 3 and 4 of this Agreement and her affirmative promises made throughout this Agreement, Defendant City agrees as follows:

(a) The City shall pay Okarter the total sum of THIRTY-FIVE THOUNSAND DOLLARS ($35,000.00) (referred to as the "Settlement Payment"), which payment shall be made as follows:

> (i) A one-time lump sum payment will be made to "Okarter" in the amount of TWENTY-THREE THOUSAND THREE HUNDRED THIRTY-THREE and 33/100 Dollars ($23,333.33) for which an IRS form 1099 will be issued to Okarter;

(ii) A one-time lump sum payment will be made to Okarter's attorneys, "Bleakley Platt & Schmidt, LLP" in the amount of ELEVEN THOUSAND SIX HUNDRED SIXTY-SIX and 67/100 Dollars ($11,666.67) for attorneys' fees, for which an IRS form 1099 will be issued to Okarter and Bleakley Platt & Schmidt, LLP.

(b) The City does not make any representations or guarantees as to the tax consequences of the Settlement Payment.

(c) The Parties each acknowledge and expressly agree that Okarter's waiver and release of claims set forth in Paragraph 3 of this Agreement apply to Deborah Reynolds as well as the City.

3. "Okarter's" Promises to the City – In consideration for the Settlement Payment and the affirmative promises set forth in Paragraph 2 Okarter agrees as follows:

(a) Okarter agrees that she will be solely responsible for tax liability properly attributable to her that may arise from the Settlement Payment. Okarter agrees to indemnify the City, and hold them harmless from and against any claim, loss, damage, liability, judgment, lien, cost, penalty, interest and/or expense, including reasonable attorneys' fees, by any third-party and/or governmental taxing authority that may be made against City arising out of or relating to the Settlement Payment for tax liability properly attributable to her.

(b) In consideration for the promises and actions of Defendant City set out in this Agreement, Okarter waives, releases, satisfies, and discharges Defendant City, including their owners, officers, directors, shareholders, members, agents, insurers, representatives, successors, and assigns, of and from the Claims and any and all other claim that was or could have been brought in the Civil Action for all unpaid salary and overtime compensation, wages, spread-of-hours pay, liquidated damages, interest, statutory penalties, attorneys' fees and costs, unlawful deductions, and/or any other compensation, earnings, or back pay of any kind under the FLSA or under NYS breach of contract law, their respective interpretative and implementing regulations, and any other local, state, or federal statute, code, or ordinance concerning the payment and/or receipt of wages. This Agreement constitutes a full accord, satisfaction, and settlement of the claims settled, released, and waived in this Section and further constitutes a sufficient basis for immediate dismissal of such released claims asserted by Okarter against Defendant City in any future action.

(c) Okarter shall not cause any individual or third party to bring any complaint, charge or other proceeding of any kind against the City before any court, administrative tribunal or in any arbitration arising from or in any way relating to Okarter's employment with the City.

4. <u>Non-Payment; Late Payment</u> –

(a) The Parties consent to the Court's retention of jurisdiction over the Action for the purpose of enforcing the terms of this Agreement and consent to all such matters being heard and decided by the Hon. Nelson J. Román.

(b) If the City fails to timely make any of the payments set forth in Paragraph 2 above, or if any payment check fails to clear for any reason, Plaintiff Okarter shall provide a notice to cure to the City's counsel by e-mail or facsimile consistent with Paragraph 17 below. The City shall cure the default within ten (10) business days from and including the date on which the notice was sent (the "Cure Period"). If the City fails to cure the default within the Cure Period, Okarter may: (1) resume prosecuting this case, or (2) apply for a judgment to be entered against the City, jointly and severally, for the settlement amount minus any payments made.

(c) <u>Stipulation of Dismissal</u>. Upon receipt of payment and clearance of the checks set forth in Paragraph 2, the Parties' attorneys shall file the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), annexed as Exhibit "A," with the Court.

5. <u>Consideration</u> – The Parties acknowledge and agree that the agreements made by the City as set forth in Paragraph 2 and the affirmative promises it makes throughout this Agreement constitute good and valuable consideration, and that those agreements and affirmative promises have been made in exchange for Okarter's agreements set forth in Paragraphs 3 and the affirmative promises she makes throughout this Agreement. Okarter agrees that neither she nor any attorney, agent or representative on her behalf will seek any additional monies, property or any other consideration of any kind from the City.

6. <u>Litigation Fees and Costs</u> – It is expressly understood by Okarter, that by virtue of this Agreement and the terms set forth herein:

(a) Okarter is waiving any claim or right she has or may have to attorneys' fees or litigation costs or expenses from the City other than the amount set forth herein.

(b) Okarter acknowledges that payment of Okarter's attorneys' fees, litigation costs and expenses and all other costs or expenses related to the Civil Action and/or any action or proceeding commenced by Okarter in any court, or any other forum related to the claims asserted by Okarter in the Civil Action are the sole and exclusive obligation of Okarter except as provided in this agreement.

7. <u>Choice of Law</u> – This Agreement is entered into in the State of New York and shall be construed and interpreted in accordance with the laws of the State of New York without regard to any state's choice of law or conflicts of law provisions or any state's borrowing statute.

8. <u>Enforcement of Agreement</u> – Any dispute over an alleged breach of this Agreement shall be resolved by an action for breach of this Agreement. This Agreement

shall be governed by and construed in accordance with the laws of the State of New York without reference to its conflicts of law or choice of law principles. The Parties consent to Judge Román's retention of jurisdiction over the Civil Action for the purpose of enforcing the terms of this Agreement. Each of the Parties waives any right to a jury trial in such action and agrees that an action for breach of this Agreement will be decided by the Court. The party prevailing in such an action for breach of this Agreement shall be entitled to reimbursement of reasonable attorneys' fees and costs from the non-prevailing party as permitted by law.

(a) Notwithstanding any breach of this Agreement by any of the Parties, their obligations hereunder shall continue and shall be fully enforceable, provided, however, if a court of competent jurisdiction finds that Okarter breached this Agreement, she shall be responsible for, to the extent the court finds appropriate, reimbursing the City the Settlement Payment, in whole or in part as deemed appropriate by the court, plus interest at the statutory interest rate applicable to monetary judgment in New York as of the date of such breach.

9. Okarter is hereby advised to consult with an attorney prior to signing this Agreement.

10. Free Will – Okarter acknowledges that she has carefully reviewed each and every word of this Agreement, that she fully understands the meaning of this Agreement and all of its terms, that she has had a full opportunity to discuss this Agreement in detail with counsel of her choosing and that she is entering into this Agreement voluntarily and of her own free will.

11. Entire Agreement – This Agreement represents the entire agreement between and among the Parties and supersedes any prior written or oral statements, agreements, memoranda, correspondence, conversations, discussions and/or negotiations held or which have taken place between the Parties and/or their agents or representative with respect to matters covered by this Agreement.

12. Modification – This Agreement, including this paragraph, may not be altered, amended or modified in any way except by a writing executed by Okarter and the City. Such a writing shall expressly reference the fact that the writing is intended to alter, amend or modify this Agreement. This Agreement, including this paragraph, may not be modified orally.

13. Construction of Agreement –

(a) The language of all parts of this Agreement must be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted the language. The terms and language of this Agreement are the result of negotiations between the Parties and there shall be no presumption that any ambiguities in this Agreement should be resolved against any of the Parties. Any controversy concerning the construction of this Agreement shall be decided neutrally, in light of conciliatory purposes and without regard to authorship.

(b) The paragraph headings used in this Agreement are for reference only and shall not affect the interpretation or construction of this Agreement.

14. Ratification and Effective Date –

(a) The terms of this Agreement shall be presented to the Board of Estimate and Contract of the City of Mount Vernon ("Board of Estimate and Contract") for ratification during its meeting scheduled to be held on September 20, 2022.

(b) This Agreement shall not take effect until this Agreement has been executed by the Parties and ratified by the Board of Estimate and Contract.

(c) The City shall deliver the Settlement Payment to Bleakley Platt & Schmidt, LLP, One North Lexington Avenue, White Plains, New York 10601 within thirty (30) calendar days of the date on which the Court so-Orders the Agreement pursuant to the Order dated August 3, 2022. Bleakley Platt & Schmidt, LLP shall be responsible for the distribution of the check referred to in Paragraph 2(a) of this Agreement to Okarter.

15. Authority to Sign – The person signing this Agreement on behalf of the City represents that he/she is duly authorized to sign this Agreement on the City's behalf.

16. Counterparts – This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute the same instrument.

17. Notices – Any section of this Agreement that calls for notice to be sent to Okarter or City shall be sent via email using the addresses and contact information below, unless a Party designates another address or different contact information in writing:

If to Plaintiffs, notice to:

Kathryn L. Barcroft, Esq.
Bleakley Platt & Schmidt, LLP
One North Lexington Avenue
White Plains, New York 10601
Phone: (914) 287-6161
Fax: (914) 683-6956
Email: kbarcroft@bpslaw.com

If to Defendants, notice to:

Brian G. Johnson, Esq.
City of Mount Vernon, Department of Law
One Roosevelt Square
Mount Vernon, New York 10550
Phone: (914) 665-2366
Fax: (914) 665-9142
Email: BJohnson@ci.mount-vernon.ny.us

IN WITNESS WHEREOF, the Parties set their hands and seals in agreement.

CHANTELLE OKARTER

*[signature: Chantelle]*

Sworn to before me this 23 day of Sep, 2022

*[signature]*
Notary Public

*[Notary Seal: JOCLYN HOWELL, NOTARY PUBLIC, DOUGLAS COUNTY, GEORGIA, MY COMMISSION EXPIRES AUGUST 25, 2023]*

CITY OF MOUNT VERNON

Sworn to before me this ____ day of _____, 2022

_____
Shawyn Patterson-Howard
Mayor

_____
Notary Public

CHANTELLE OKARTER

Sworn to before me this \_\_\_\_ day of _____, 2022

Notary Public

CITY OF MOUNT VERNON

*[signature]*

Shawyn Patterson-Howard
Mayor

Sworn to before me this 28th day of September, 2022

*[signature]*

Notary Public

CHAN S. POWELL
NOTARY PUBLIC, New York State
No. 02PO6345179
Commission Expires July 18, 20__

**Dated: October 4, 2022**
**White Plains, NY**

SO ORDERED:

*[signature]*

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE